FAIRLEY *v.* HARRY BENNETT CONSTRUCTION Co.

No. 41928          September 25, 1961          133 So. 2d 15

*W. S. Murphy,* Lucedale, for appellant.

709

*White, Buntin & Martin,* Gulfport, for appellees.

McGEHEE, C. J.

This is a case under the Mississippi Workmen's Compensation Law of 1948, as amended. The claimant was allowed temporary total disability benefits from January 18, 1959, until March 16, 1959. The case was heard by the attorney-referee on conflicting medical testimony as to whether or not the claimant was entitled to permanent total disability benefits. When the claimant first concluded his testimony, the record shows: "By Mr. Murphy: 'We rest, reserving the right of rebuttal.'" The testimony was given by several medical witnesses, including Dr. Frederick H. De Vane of Mobile, Alabama, who was introduced as a witness and testified on behalf of the claimant in rebuttal.

The attorney-referee in his opinion stated, among other things, that: "The record clearly shows that the claimant through his Attorney of record rested his case at the close of the hearing in Lucedale on November 9, 1959. The Defendants through their attorney of record objected to said motion to reopen, (for the introduction of the testimony of Dr. De Vane) and it was the opinion of the

Attorney Referee that Defendants' motion should be, and the same was sustained. (Meaning the motion that the request to reopen the case be rejected.) Although, the said Dr. Frederick H. De Vane was permitted to take the stand and testify under rule 6 of the Mississippi Workmen's Compensation Act, his testimony being of record, the same was not and is not being considered as testimony in this case by the Attorney Referee.''

Section 6998-28, Miss. Code 1942, Recompiled, is designed to relax the former rules of procedure in these cases, and also provides that the hearing officer ''may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties.''

We are of the opinion that the testimony of Dr. De Vane should have been considered by the attorney-referee and the Commission in rebuttal of the testimony of Dr. Earl introduced by defendants, and we have concluded that the cause should therefore be reversed and remanded in order that such part of the testimony of this witness in rebuttal may be considered as part of the testimony in the case.

Reversed and remanded.

*Arrington, Ethridge, McElroy* and *Rodgers,* JJ., concur.